UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| Sandra Enriquez,<br>    Plaintiff(s)<br><br>v.<br><br>The Lake House Kitchen II, LLC,<br>and Moises Vazquez-Eduardo<br>    Defendant(s) | Case No: 8:26-cv-244 |

**COMPLAINT AND JURY TRIAL DEMAND**

Plaintiff, Sandra Enriquez, sues Defendants, The Lake House Kitchen II, LLC and Moises Vazquez (also known as Moses Vazquez) as follows:

PRELIMINARY STATEMENT

1.    Defendants run a restaurant and food truck business with several locations in Polk County, Florida. Defendants serve Mexican cuisine under the name "Lake House Kitchen."

1

2.	Plaintiff worked in Defendants' food trucks from approximately April, 2024 until she resigned in approximately September, 2025.

3.	Plaintiff was routinely required to work 55-hour weeks but did not receive compensation for all hours worked and did not receive overtime compensation as required by the Fair Labor Standards Act ("FLSA").

## Parties and Jurisdiction

4.	Plaintiff is an individual resident of Polk County, Florida.

5.	Defendant Lake House Kitchen II, LLC ("Lake House") is a Florida corporation with its principal place of business in Polk County, Florida.

6.	Defendant Moises Vazquez is an individual resident of Polk County, Florida.

7.	Defendant Vazquez also uses the given name "Moses" and the surname "Vazquez-Eduardo."

8. This Court has subject matter jurisdiction over Counts 1 and 2 of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) because they arise under federal law.

9. This Court has subject matter jurisdiction over Count 3 of this action pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction) because this state law claim is so related to Counts 1 and 2 as to form part of the same case or controversy. Without limitation, these claims raise significantly overlapping questions of fact, including the extent of Plaintiff's hours worked and the rate of pay associated with those hours.

10. This Court has personal jurisdiction over the Defendants because, without limitation, they are citizens of the State of Florida.

11. This Court is an appropriate venue for this action pursuant to 28 U.S.C. § 1391 because all defendants reside or have the principal place of business in Polk County, Florida.

## FLSA Coverage

12. At all relevant times, Defendant Lake House has at least $500,000 in annual gross revenue.

13. At all relevant times, Defendant Lake House had two or more employees engaged in interstate commerce or handling, selling, and working on goods that have moved in or were produced for interstate commerce, namely, without limitation, food products that have moved in interstate commerce and processing electronic credit card transactions using instrumentalities of interstate commerce.

14. Therefore, Defendant Lake House is subject to enterprise coverage under the FLSA.

15. Alternatively, Plaintiff is subject to individual coverage under the FLSA because she was engaged in interstate commerce. For example, without limitation, Plaintiff regularly:

    a. Handled food products that had moved in interstate commerce;

    b. Processed credit card transactions electronically using instrumentalities of interstate commerce.

## FACTS

16. Plaintiff was an employee of Defendant Lake House from about April, 2024 through about September, 2025.

17. Defendant Vazquez was Plaintiff's immediate supervisor.

18. Defendant Vazquez was responsible for supervision of Plaintiff, including setting her hours and pay, and also, more generally, for making decisions concerning Defendant Lake House's management and operations, including setting pay policy and practices.

19. As a result, Defendant Vazquez was also Plaintiff's "employer" for the purposes of the FLSA.

20. Defendants hired Plaintiff at the rate of $12.50 per hour in about April, 2024.

21. Plaintiff received one or more raises, eventually ostensibly receiving $14.50 per hour by the time her employment ended in September, 2025.

22. Defendants failed to accurately keep records of Plaintiffs' hours worked or compensate her for all hours worked.

23. For example, without limitation, Defendants would require Plaintiff to report to Defendant Lake House's warehouse an hour early to stock the food truck Plaintiff was assigned to for the day, but would not compensate her for that hour.

24. In addition, Plaintiff regularly worked more than forty hours per week during the two-year period preceding the filing of this Complaint. Defendant did not pay her at 1.5 times her regular rate for these overtime hours as required by the FLSA.

25. As a result of Defendants' actions, Plaintiff has been damaged. Her damages include lost wages.

26. Plaintiff has retained the undersigned law firm and agreed to pay it a reasonable fee for its services.

### COUNT I – UNPAID OVERTIME (FLSA)

27. This is a cause of action for unpaid overtime arising under the Fair Labor Standards Act.

28. Plaintiff incorporates the allegations of paragraphs 1 through 26, above.

29. Defendants violated the FLSA by failing to pay Plaintiff at the rate of 1.5 times her regular rate for hours worked in excess of 40 per week.

## COUNT II – UNPAID MINIMUM WAGES
## (FLSA)

30. This is a cause of action for unpaid minimum wages arising under the Fair Labor Standards Act.

31. Plaintiff incorporates the allegations of paragraphs 1 through 26, above.

32. Defendants violated the FLSA by failing to pay Plaintiff the required minimum wage for all hours worked.

## COUNT III – UNPAID WAGES (FLORIDA STATE LAW)

33. This is a cause of action for unpaid wages arising under Florida state law and governed by Fla. Stat. § 448.08. It is asserted only against Defendant Lake House (singular "Defendant", below).

34. Plaintiff incorporates the allegations of paragraphs 1 through 26, above.

35.     Despite Defendant agreeing to pay her on an hourly basis for her work, Defendant failed to compensate Plaintiff for all hours actually worked.

WHEREFORE, Plaintiff demands judgment against Defendants for:

    a. Unpaid overtime under the FLSA;

    b. Unpaid minimum wages due under the FLSA;

    c. Liquidated damages under the FLSA;

    d. As to Defendant Lake House, any additional unpaid wages due pursuant to Count 3, hereof;

    e. Reasonable attorneys' fees and costs under the FLSA and Fla. Stat. § 448.08

    f. Such other relief as the Court may deem appropriate.

### JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DESIGNATION OF LEAD COUNSEL

The undersigned is designated as Lead Counsel for Plaintiff pursuant to Local Rule 2.02(a).

Respectfully submitted January 28, 2026.

/s/ J. Kemp Brinson
J. Kemp Brinson
Fla. Bar No. 752541
REED MAWHINNEY & LINK
53 Lake Morton Drive, Suite 100
Lakeland, FL 32803
Office: 863-687-1771
Mobile: 863-288-0234
Service emails:
Kemp@PolkLawyer.com
JKBService@PolkLawyer.com
Lead Counsel for Plaintiff